IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RONALD DOWDY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SONYA TROUTT, *et al.*, )<br>)<br>Defendants. ) | Case No. 3:11-cv-1123<br><br>Judge Trauger |

**MEMORANDUM OPINION**

Plaintiff Ronald Dowdy, a state prisoner presently confined at the Robertson County Detention Facility in Springfield, Tennessee, brings this *pro se* action under 42 U.S.C. § 1983 (ECF No. 1), based on events that occurred while he was detained at the Sumner County Detention Center in Gallatin, Tennessee. The court has granted the plaintiff's application to proceed without prepayment of fees and costs, and has directed that the complaint be filed *in forma pauperis*.

Having granted the plaintiff leave to proceed as a pauper, the court is required under the Prison Litigation Reform Act to conduct an initial screening of the prisoner's civil complaint. After the initial screening, the court must dismiss the complaint *sua sponte*, before service on any defendant, if the complaint is determined to be frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997) (*overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)).

In conducting the initial screening, the court must liberally construe the complaint and accept as true the factual allegations set forth therein. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) ("We must 'construe the complaint in the light most favorable to the plaintiff [and] accept all well-pleaded factual allegations as true.'" (alteration in original) (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003))). Further, as with all pleadings submitted by *pro se* litigants, the complaint is held to less stringent standards than those drafted by attorneys. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Under these circumstances, "[d]ismissal of a complaint for the failure to state a claim on which relief may be

granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

### A. Plaintiff's Factual Allegations

In the present complaint, the plaintiff names ten defendants, all employed at the Sumner County Jail, including Jail Administrator Sonya Troutt, Nurse Sharon Harris, Nurse "Tonya," Nurse Melanie Miller, Dr. Mathews, and Corrections Officers Riker, McMurtry, Fowler, Dallas, and Canter, all named in both their official and individual capacities. The complaint purports to state claims under the Eighth Amendment based on the defendants' deliberate indifference to the plaintiff's serious medical needs, and for violation of his right to adequate housing and hygiene. The complaint also asserts state-law claims of negligence and medical malpractice.

In support of these claims, the plaintiff alleges that on May 30, 2011, he was inside cell 505 3D within the Sumner County Jail. The toilet in his cell had leaked water onto the floor. He slipped on the wet floor and fell, hitting his head on a metal door-stop on the floor, causing a bloody gash on his forehead as well as a possible concussion. His cellmate found him lying face-down in a small pool of blood and hurried to the call button to call the guards to come help. Meanwhile, another inmate arrived, Chad Watson, a former EMT, and found the plaintiff awake but "disoriented and confused," and claiming that his neck and head were hurting. (ECF No. 1-1, at 1 (Statement of Chad Watson, attached to complaint).) When the officers arrived, Watson told them to tell the nurses to bring a "C-collar and a "Long Spine Board." (*Id.*)

Instead, when nurses Sharon Harris and Tonya arrived, they put the plaintiff into a wheelchair and took him to the medical unit. The plaintiff was kept in the medical unit for five days; he received an X-ray, Ibuprofen for pain, and "spaghetti bandaids" (instead of stitches) for his gash. (ECF No. 1, at 8.)

In addition, the plaintiff alleges that on September 2, 2011, he was issued a used razor by Officer Cummings, who is not a named defendant. The plaintiff alleges that he "drew blood" when attempting to shave with the "rusted dirty used razor" and was thereby exposed to unknown pathogens. (ECF No. 1, at 8.) He claims that Officer Cummings did not inform him that the razor was used until after the plaintiff had cut himself with it. The plaintiff informed Officer Cummings and unidentified medical personnel about his "medical issues" and "concerns about blood-born[e] diseases," but was "left unattended for several days and

. . . was simpl[]y ignored." (*Id.*) The plaintiff asserts that as a result of this incident, he has suffered undue mental distress resulting from the deprivation of his right to adequate medical care.

      **B.**      **Screening of Plaintiff's Claims**

             **1.**      ***Denial of Adequate Medical Care***

To establish a violation of his constitutional rights resulting from a denial of adequate medical care, the plaintiff must show that the defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). An Eighth Amendment claim of denial of adequate medical care has both an objective and a subjective component. The objective component requires an inmate to show that the alleged deprivation is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted). The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown*, 207 F.3d at 867 (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Under this standard, complaints of medical malpractice, which sound in negligence, are insufficient to entitle a plaintiff to relief. *Estelle*, 429 U.S. at 105–06. Moreover, a prisoner's difference of opinion regarding diagnosis or treatment does not rise to the level of an Eighth Amendment violation. *Id.* at 107. Thus, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Here, the plaintiff appears to be claiming that the officers and nurses who came to his cell after his accident were negligent in not protecting him from possible spine or neck injury by placing him in a C-collar and transporting him on a Long Spine Board. He does not allege that this purported failure exacerbated his injuries, nor does he allege that treatment was withheld altogether. To the contrary, he acknowledges a prompt response to the accident, and states that he was held in the medical facility at the jail, receiving

-3-

treatment, for five days following his injury. Consequently, even if the court assumes that the plaintiff's medical needs relating to the accident in his cell were sufficiently serious to satisfy the objective component of an Eighth Amendment claim for deliberate indifference, his allegations do not suggest deliberate indifference on the part of any jail or medical officials. Under the circumstances, placing him in a wheelchair instead of transporting him on a spine board does not "constitute an unnecessary and wanton infliction of pain," nor is it "repugnant to the conscience of mankind." *Estelle*, 429 U.S. at 105–06. The plaintiff may not have received the best medical care, or precisely the medical treatment he believed he needed, but his allegations establish that he was not denied adequate medical care. The court therefore finds that the plaintiff has not stated a claim for violation of his Eighth Amendment rights based on the medical treatment he received after the slip and fall in his cell.

To the extent the plaintiff is attempting to state a claim for deliberate indifference to his serious medical needs based upon his nicking himself with a used razor, the court finds that the alleged injury is not sufficiently serious to meet the first prong of a deliberate-indifference claim. Moreover, his fears regarding the possibility of blood-borne pathogens are entirely speculative, such that the plaintiff cannot show that jail officials should have known that a substantial risk of serious harm existed. *Farmer*, 511 U.S. at 837.

### 2. Denial of Adequate Hygiene

Plaintiff's remaining contentions involve the conditions of his confinement, specifically that he was issued a "rusted dirty used razor" (ECF No. 1, at 8) on September 2, 2011 and apparently shaved with it one time.

A prisoner may not be denied his basic needs, including hygiene. *Estelle*, 429 U.S. at 104. To succeed on a claim of inhumane housing conditions, however, the plaintiff must demonstrate that the questioned condition posed a substantial and serious risk to his health or safety to which a defendant was deliberately indifferent. *Farmer*, 511 U.S. 834, 842. Where prison conditions are concerned, a "substantial serious risk" is one which denies the prisoner "the minimum civilized measure of life's necessities." *Id.* at 834. This standard requires the plaintiff to satisfy an objective threshold by showing facts which establish that a sufficiently serious deprivation has occurred. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMilian*, 503 U.S. 1, 8 (1992).

-4-

Case 3:11-cv-01123   Document 3   Filed 12/23/11   Page 4 of 6 PageID #: 37

Taken as true, the plaintiff's allegations simply do not show that he was subjected to a deprivation of life's basic necessities that was serious enough to implicate the Eighth Amendment. He claims he was issued a dull, unsanitary razor and required to use it on one occasion. Although it true that under certain circumstances, "repeated deprivation of hygiene supplies violates inmates' Eighth Amendment rights, *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996) (citation omitted), the plaintiff here has not shown that he was routinely issued used, unsanitary razors or repeatedly denied the ability to shave or bathe altogether. The allegations regarding the used razor do not state an Eighth-Amendment claim. *Cf. Butler v. Jewell*, 869 F.2d 1488 (Table), 1989 WL 16851, *3 (6th Cir. Feb. 17, 1989) (affirming the district court's dismissal of the plaintiff's claim of cruel and unusual punishment based on the jail's providing him with "dull and unsanitary razors," and characterizing the complaint as concerning a mere inconvenience that did not rise to the level of a constitutional violation).

### 3. Negligence Claims

To the extent the plaintiff is attempting to state a claim for negligence against jail officials based on the fact that his toilet had leaked water into his cell, on the allegedly inadequate medical treatment, on the issuance of the unsanitary razor, or otherwise, negligence claims are not cognizable under § 1983. *Estelle*, 429 U.S. at 105–06 (1976). These claims are grounded in state law, and do not independently fall within this court's subject-matter jurisdiction.[1]

"The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U . S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Having determined that dismissal of the federal claims is warranted, the Court declines to exercise supplemental jurisdiction over the plaintiff's state-law claims and will dismiss those claims without prejudice.

**C.     Conclusion**

Having conducted the requisite screening, the court finds, for the reasons set herein, that the

---

[1] The plaintiff has not asserted any basis for the exercise of diversity jurisdiction under 28 U.S.C. § 1332.

plaintiff's complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The Eighth Amendment claims asserted in the complaint will therefore be dismissed with prejudice. The state-law malpractice claims will be dismissed without prejudice.

An appropriate order will enter.

_____
Aleta A. Trauger
United States District Judge